IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

RICHARD GOLD,

              Plaintiff,

vs.

MONTANA SUPREME COURT,
CHIEF JUSTICE MIKE McGRATH,
RETIRED CHIEF JUSTICE KARLA M. GRAY,
JUSTICE W. WILLIAM LEAPHART,
JUSTICE JAMES C. NELSON,
JUSTICE PATRICIA O'BRIEN COTTER,
JUSTICE JAMES A. RICE,
JUSTICE BRIAN MORRIS,
JUSTICE JOHN WARNER,
MONTANA FOURTH JUDICIAL DISTRICT COURT,
JUDGE DOUGLAS HARKIN, and THE STATE OF MONTANA,

              Defendants.

CV 09-16-M-DWM-JCL

ORDER, and
FINDINGS AND
RECOMMENDATION
OF U.S. MAGISTRATE JUDGE

_____

## I. INTRODUCTION AND IN FORMA PAUPERIS APPLICATION

The Plaintiff, Richard Gold, filed a Complaint together with a Motion to Proceed In Forma Pauperis. Gold submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears Gold lacks sufficient funds to

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 1

prosecute this action IT IS HEREBY ORDERED that his Motion to Proceed In Forma Pauperis is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court shall file Gold's Complaint as of January 29, 2009.

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint. The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>    (A) the allegation of poverty is untrue; or
>
>    (B) the action or appeal–
>
>       (i) is frivolous or malicious;
>
>       (ii) fails to state a claim on which relief may be granted; or
>
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Pursuant to 28 U.S.C. § 1915 the Court must review Gold's Complaint to consider whether it can survive dismissal under the provisions quoted above. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005). The Court

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 2

retains discretion to determine whether a case is frivolous and thus subject to dismissal under § 1915.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A complaint is legally frivolous within the meaning of § 1915 "where it lacks any arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (construing predecessor provision at 28 U.S.C. § 1915(d)).

With respect to the individually named Justices of the Montana Supreme Court and Judge Harkin, the Court concludes the purported federal claims asserted against those individuals are properly dismissed under 28 U.S.C. § 1915(e)(2)(ii). Likewise, the State of Montana, the Montana Supreme Court, and the Montana Fourth Judicial District Court enjoy immunity from suit in federal court under the Eleventh Amendment to the United States Constitution, and the purported federal claims advanced against these entities are properly dismissed under 28 U.S.C. § 1915(e)(2)(iii).  Finally, the Court should decline to exercise supplemental jurisdiction over the remaining claims advanced by Gold under Montana law. Therefore, the Court recommends dismissal of this entire action.

## II.     BACKGROUND

Richard Gold filed his Complaint on January 29, 2009.  He is proceeding pro se in this case.  The subject of his Complaint arises from events which have

transpired in a civil action which Gold has been prosecuting pro se in the Montana Fourth Judicial District Court, Missoula County, and in the Montana Supreme Court. His state district court cause number is DV-03-46, and his Montana Supreme Court cause number is OP 08-0544.

Gold states that on May 30, 2007, District Judge Douglas Harkin issued an order in his civil case denying his request for appointment of counsel. On October 24, 2008, Gold filed a writ of supervisory control with the Montana Supreme Court seeking review of Judge Harkin's order. Gold states that the Montana Supreme Court denied his writ on December 2, 2008.

In this case Gold alleges Defendants are liable for their conduct in denying his request for appointment of counsel in his civil case in state court. Gold cites to, and quotes from numerous provisions of federal and state law which he asserts establish his right to appointment of counsel in his state court case. He alleges, therefore, that Defendants have violated his fundamental, and constitutionally recognized right to the appointment of an attorney to assist him with his civil case.

Gold requests various forms of relief in his Complaint. He asks this Court to declare that Defendants have violated his rights under the Fourteenth Amendment to the United States Constitution. Gold asks this Court to remand his

writ of supervisory control to the Montana Supreme Court, and to grant him injunctive relief requiring Defendants to appoint counsel for Gold in his state court civil action. Gold further requests an award of compensatory and punitive damages.

The State of Montana maintains its publicly accessible "Official State Website" for its judicial branch of government at www.montanacourts.org. That Website contains a link to the Montana Supreme Court's Website which contains copies of documents filed with the Montana Supreme Court. A copy of Gold's Application and Petition for Writ of Supervisory Control is available on the Montana Supreme Court's Website. Richard Gold, http://fnweb1.isd.doa.state.mt.us/idmws/docContent.dll?Library=CISDOCSVR01^doaisd510&ID=003794789 (accessed February 12, 2009). His application and petition contains the same district court and Montana Supreme Court cause numbers identified above.

Review of Gold's Writ of Supervisory Control confirms that his pending matter in the state courts is a civil action. The writ explains that in his state court action Gold is suing the City of Missoula, Missoula County, and various public officials or officers of those governmental entities. Gold alleges that those entities

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 5

illegally towed his abandoned or illegally parked vehicle, and have unlawfully impounded or seized his vehicle. Gold states in his writ that he seeks to regain his property allegedly taken by the defendants named in his state court action.

## III.  DISCUSSION

Gold's claims advanced in his Complaint are presented, in part, under 42 U.S.C. § 1983. Section 1983 is the vehicle through which a plaintiff can present federal legal claims against a state official or employee if the plaintiff can establish that "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Harry A. v. Duncan*, 351 F. Supp. 2d 1060, 1072 (D. Mont. 2005) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

Most of the parties Gold names as Defendants in this case are judges or justices of the courts of the State of Montana. A plaintiff cannot, however, state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judge Harkin's denial of Gold's request for appointment of

counsel, and the Montana Supreme Court Justices' denial of Gold's writ of supervisory control are "unquestionably [] judicial acts." *See Simmons*, at 1161. They are acts "normally performed by a judge" with respect to parties who have "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Therefore, the judges and justices Gold names as Defendants in this action are entitled to judicial immunity from suit.

Section 1983 further protects judicial officers against injunctive relief requested by a plaintiff.  The statute precludes injunctive relief as follows:

> any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.  *See Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004).  The circumstances of this case establish injunctive relief is not available under § 1983.

To the extent Gold may have claims which are advanced under provisions of federal law other than 42 U.S.C. § 1983, the Court recognizes judicial immunity does not always extend to claims for injunctive or declaratory relief.  "[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Gold's Complaint includes a request for equitable relief.  Therefore, the Court will

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 7

consider whether Gold is entitled to declaratory or injunctive relief.

As a matter of federal law, a litigant does not have a right to the appointment of counsel in a civil case.  *See, e.g., Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).  Absent the existence of a right protected under federal law, the Court cannot grant Gold any prospective injunctive relief.

The remaining Defendants identified in Gold's Complaint - the State of Montana, the Montana Supreme Court, and the Montana Fourth Judicial District Court - are immune under the Eleventh Amendment to the United States Constitution from suit in federal court.  "The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States."  *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)).  Although the amendment does not expressly prohibit suits brought against a state by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  Consequently, absent waiver of

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 8

this Eleventh Amendment immunity, neither a state nor governmental entities which are considered "arms of the state" may be subject to suit in federal court. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989).  State courts are "arms of the state" for purposes of the Eleventh Amendment.  *Simmons*, 318 F.3d at 1161 (citing *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (1987)).

"In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, [a federal court] will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman*, 415 U.S. at 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).  No express waiver of the State's Eleventh Amendment immunity exists in the law of Montana.  Montana's limited waiver of immunity for tort actions in its own courts, as set forth in Article II, Section 18 of Montana's Constitution and Mont. Code Ann. §§ 2-9-101 et seq., does not constitute a waiver of the State's Eleventh Amendment Immunity.  *State of Montana v. Peretti*, 661 F.2d 756, 758 (9th Cir. 1981) and *Ward v. Montana State Prison*, 2008 WL 564692, *3 (D. Mont. 2008).[1]

---

[1] A well-established exception to Eleventh Amendment immunity allows prospective injunctive relief to end ongoing violations of a federal law. *Flint v.*

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 9

Since the Court recommends dismissal of all of Gold's federal claims, the Court must consider whether it should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any other claims advanced by Gold under Montana law.

Section 1367 provides that where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). However, the district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction under 28 U.S.C. § 1367(c) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

---

*Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (citing *Ex parte Young*, 209 U.S. 123, 156 (1908)). The exception has no application here because, as noted, there exists no federal right to the appointment of counsel in a civil case.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 10

Because the Court recommends dismissal of all of Gold's federal claims, it should exercise its discretion to decline to exercise supplemental jurisdiction over his state law claims pursuant to § 1367(c)(3). Any claims Gold may have under Montana law are more properly addressed in the courts of the State of Montana.

## IV.   CONCLUSION

For the reasons stated above, Gold's federal claims against the individual Defendants are properly dismissed under 28 U.S.C. § 1915(e)(2)(ii). Gold's claims against the State of Montana, the Montana Supreme Court, and the Montana Fourth Judicial District Court are properly dismissed under 28 U.S.C. § 1915(e)(2)(iii) based on the immunity from suit in federal court which those entities enjoy. Finally, the Court should decline to exercise jurisdiction over the claims Gold advances under Montana law.

Accordingly, IT IS HEREBY RECOMMENDED that Gold's Complaint be DISMISSED. Gold's federal claims should be dismissed with prejudice, and his state law claims should be dismissed without prejudice.

DATED this 12th day of February, 2009.

        /s/ Jeremiah C. Lynch
        Jeremiah C. Lynch
        United States Magistrate Judge